# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JARTRANS BROKERAGE LLC,<br>1011 Lake Road<br>Medina, Ohio 44256<br><br>             Plaintiff,<br><br>   -vs-<br><br>MANIF LOGISTICS LLC<br>c/o Ferdinand Manirakiza, Registered Agent<br>3314 Patcole Court<br>Murfreesboro, Tennessee 37129-0866<br><br>             Defendant. | CASE NO. 1:23-cv-01783<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff JarTrans Brokerage LLC ("JarTrans") by and through its counsel, and states for its Complaint (the "Complaint") against Defendant Manif Logisitcs LLC ("Defendant") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. JarTrans is, and at all times mentioned herein was, an Ohio limited liability company with its principal place of business located in Medina, Ohio.

2. Upon information and belief, Defendant is, and at all times mentioned herein was, a Tennessee limited liability company, with a principal place of business located in Murfreesboro, Tennessee.

3. This action arises out of a contract between JarTrans and Defendant, executed by JarTrans in Ohio, with a governing law clause providing for the application of Ohio law.

4. JarTrans is a transportation and logistics broker.

23178173 v1

5. Upon information and belief, Defendant provides commercial motor transportation for compensation throughout the United States. In particular, Defendant is a motor carrier that transports commercial goods via tractor trailer throughout the United States, including in Ohio.

## JURISDICTION VENUE AND APPLICABLE LAW

6. This Court possesses jurisdiction over the subject matter of this action because JarTrans' claims arise under federal law because they involved the transportation of property by motor carrier, for compensation, on or about May 30, 2023, constituting transportation in interstate commerce under 49 U.S.C. § 13102(14) & (23) and § 13501(1)(A).

7. This case is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment"), because this case concerns goods destroyed in transit while in the possession of the motor carrier.

8. Because this action is governed by 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs, this Court has original jurisdiction over the claims under 28 U.S.C. § 1337(a).

9. Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391 and 49 U.S.C. § 14706(d)(1) and (2) because Defendant operates in this District and Defendant conducted activity in this District that gave rise to JarTrans' claim for relief.

## FACTS COMMON TO ALL COUNTS

10. JarTrans is a transportation broker, arranging for the transportation of freight for its customers with various motor carriers.

11. Defendant is a Registered Motor Carrier, holding operating authority to engage in transportation as a common or contract carrier of property.

12. JarTrans and Defendant entered into a Broker-Carrier Agreement (the "Agreement") on May 26, 2023, whereby JarTrans, as transportation broker, would broker shipments to Defendant and Defendant, as motor carrier, would transport such shipments.

13. Defendant, as motor carrier, would transport each shipment in accordance with the terms of the Agreement.

14. JarTrans paid Defendant for services rendered.

15. JarTrans engaged Defendant, as motor carrier, to transport a load of barbeque seasoning (the "Cargo") from Brunswick, Ohio to Mountain Lake, Minnesota on or about May 30, 2023.

16. In transit, Defendant was involved in an accident in Elyria, Ohio. The Cargo was deemed compromised and unsalvageable.

17. The consignee, Yost Foods, Inc., made a claim for damages to JarTrans in the amount of $27,486.00.

18. JarTrans made multiple claims to Defendant and Defendant's insurer for the damage to the Cargo in the amount of $27,486.00.

19. For value received and acknowledged, Yost Foods, Inc. assigned its claim to Jar Trans on August 22, 2023. A true and correct copy of that assignment is attached hereto as **Exhibit A**.

20. To date, Defendant has not paid any portion of the claim.

21. To date, JarTrans has incurred total damages in an amount to be proven at trial but believed to be in excess of $27,486.00.

22. As a result, Defendant is liable to JarTrans for the damage to the Cargo, totaling $27,486.00.

## COUNT ONE
### *(Liability under the Carmack Amendment)*

23. JarTrans adopts and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

24. JarTrans, a transportation broker, arranged for Defendant, a motor carrier, to transport the Cargo for Yost Foods, Inc. from Ohio to Minnesota.

25. Defendant provided carrier services to Yost Foods and JarTrans, by transporting, the Cargo, on or about May 30, 2023

26. The shipment of the Cargo (the "Shipment") left Ohio in good order.

27. Defendant accepted the Shipment as carrier and acknowledged that the Cargo was in good order. The Shipment was therefore tendered to Defendant, in good condition and without exception.

28. The Cargo was damaged while in transit and in the possession of Defendant on or about May 30, 2023.

29. Due to Defendant's receipt of the Cargo, and damage of the Cargo, and failure to deliver the Cargo in good condition, JarTrans incurred damages in an amount to be determined more fully at trial, but believed to be in excess of $27,486.00.

30. Under the Carmack Amendment, 49 U.S.C. § 14706, Defendant is liable to JarTrans for an amount to be proven at trial, but believed to be in excess of $27,486.00.

**WHEREFORE**, JarTrans Brokerage LLC respectfully prays for judgment as follows:

A. For damages related to the loss of the Cargo, in an amount to be proven at trial but believed to be in excess of $27,486.00 plus reasonable attorney fees and costs;

B. For prejudgment interest to the extent permitted by law; and

C. For such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        */s/ Clare R. Taft*
        ERIC LARSON ZALUD (0038959)
        CLARE R. TAFT (0076570)
        **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
        127 Public Square, Suite 4900
        Cleveland, Ohio  44114
        Telephone:  (216) 363-4500
        Facsimile:  (216) 363-4588
        Email:  ezalud@beneschlaw.com
           ctaft@beneschlaw.com

        *Attorneys for Plaintiff JarTrans Brokerage LLC*

## **DEMAND FOR JURY TRIAL**

Plaintiff JarTrans Brokerage LLC hereby demands a jury trial in the above-entitled action.

        */s/ Clare R. Taft*
        ERIC LARSON ZALUD (0038959)
        CLARE R. TAFT (0076570)
        **BENESCH, FRIEDLANDER, COPLAN &**
        **ARONOFF LLP**
        127 Public Square, Suite 4900
        Cleveland, Ohio  44114-2378
        Telephone:  (216) 363-4500
        Facsimile:  (216) 363-4588
        Email: ezalud@beneschlaw.com
               ctaft@beneschlaw.com

*Attorneys for Plaintiff Jar Trans Brokerage LLC*